MATTER OF TISZAI

In Visa Petition Proceedings

A-14570254

*Decided by Board August 31, 1967*

Since beneficiary, who was born in Mexico at a time when her father was a
diplomatic officer representing the Japanese government in that country, is a
"special immigrant" as defined in section 101(a)(27)(A), Immigration and
Nationality Act, as amended, and is not chargeable to any quota or subject to
any numerical restriction affecting the issuance of a visa to her, a visa petition
filed by her husband to accord her preference classification under section
203(a)(2) of the Act is denied.

ON BEHALF OF PETITIONER: Hiram W. Kwan, Esquire
1011 N. Broadway, Suite 203
Los Angeles, California 90012
(Brief filed)

The District Director at Los Angeles, California, has denied the
petition of the appellant to classify status of his wife under section
203(a)(2) of the Immigration and Nationality Act. From that de-
cision the petitioner through counsel has appealed to this Board.

The beneficiary was born in Mexico City, Mexico, at a time when
her parents were living in Mexico, and when her father was represent-
ing the Japanese Government as a diplomatic officer. Her birth took
place on the Japanese Embassy grounds in Mexico City, Mexico. It is
the contention of the appellant that because of the above circumstances
of birth, the beneficiary is properly chargeable to the Japanese quota
and hence requires, and is entitled to, status under section 203(a)(2)
as the spouse of a legal resident of the United States. Appellant bases
her contention on the provisions of section 202(b)(4) and 22 CFR
42.54. It is counsel's position that these sections fail to state or even to
imply that the country of birth of the alien has to be a country outside
the Western Hemisphere. He further contends that the clear intention
of the above stated sections is to be applied uniformly regardless of
where the person is born. The appeal will be dismissed.

Section 202(b)(4) states in pertinent part: "For the purposes of
this Act the foreign state to which an immigrant is *chargeable* shall
be determined by birth within such foreign state except that . . . .
(4) an alien born within any foreign state in which neither of his

parents was born and in which neither of his parents had a residence at the time of such alien's birth may be charged to the foreign state of either parent." [Emphasis supplied] Paragraph (4) is then one of four exceptions to the method described in part (b) of section 202 for ascertaining quota chargeability. Section 202 in general speaks of quotas and numerical limitations set forth in order to control the issuance of visas for persons chargeable to quota countries.

Counsel for appellant contends that 22 CFR 42.54 relates to and supports his argument. Section 42.54 states:

*Exception for alien born in foreign state of which neither of his parents was a resident.* An alien who was born in a foreign state in which neither of his parents was born, and in which neither of his parents had a residence at the time of his birth, may be charged to the foreign state of either parent as provided in section 202(b) (4) of the Act, the parents of such an alien shall not be considered as having acquired a residence within the meaning of section 202(b) (4), if at the time of such alien's birth within the foreign state they were merely visiting temporarily or were stationed there under orders or instructions of an employer, principal or superior authority foreign to such foreign state in connection with the business or profession of the employer, principal or superior authority.

Under 22 CFR the particular section referred to comes under the heading of "FOREIGN STATE CHARGEABILITY", and is obviously relevant only to persons who are chargeable to a quota. We see no reason to apply it to the present case where the beneficiary is not chargeable to any quota by reason of the fact that she was born in Mexico City, Mexico. We hold that under section 101(a) (27) of the Immigration and Nationality Act the beneficiary is a "special immigrant". She is a native of a country of the Western Hemisphere and hence is not chargeable to any quota or subject to any numerical restriction affecting the issuance of a visa to her. No preference then is needed for the issuance of such a visa. Quite obviously, the intention of section 101(a) (27) of the Act was to assist native born persons of independent countries in the Western Hemisphere to immigrate to the United States. For this Board to now hold that a person such as the beneficiary, born under such circumstances, is required to await the allocation of a number to her, would result in an injustice to others in similar situations and would be, in effect, a distortion of the clear intent of Congress in its legislative processes. We hold that the appellant's spouse is a special immigrant and needs no preference in order to secure an immigrant visa. In this particular case it may well be that our ruling will deprive the appellant's wife of the benefits of section 245 of the Immigration and Nationality Act. This, however, is but a slight burden compared with the absurd effect that our ruling to the contrary would have. Accordingly, the following order will be entered.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.