## MATTER OF ASCHER

### In Visa Petition Proceedings

### A–11081509

*Decided by Board April 19, 1972 and January 23, 1973*

Despite birth in an independent country of the Western Hemisphere, an alien within the purview of section 202(b)(2) of the Immigration and Nationality Act may be alternately charged to the foreign state of his accompanying spouse and within such alternate chargeability may be accorded preference classification under section 203(a)(5) of the Act subject to simultaneous applications by him and his accompanying spouse for visas and for admission to the United States.

ON BEHALF OF PETITIONER:
James J. Orlow, Esquire
824 Bankers Securities Bldg.
Philadelphia, Pa. 19107

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

Charles Gordon
General Counsel

### BEFORE THE BOARD
(April 19, 1972)

The United States citizen petitioner applied for preference status for the beneficiary as his brother under section 203(a)(5) of the Immigration and Nationality Act. The District Director, in his order dated November 4, 1971, denied the petition on the ground that the beneficiary was not eligible for alternate chargeability under section 202(b)(2) of the Act to the foreign state of birth of his spouse. From that order the petitioner appeals. His appeal will be dismissed.

The father of both the petitioner and the beneficiary is Mauricio Ascher. He was born in Poland, as was, presumably, their mother. In 1932, Mauricio Ascher left Poland, sensing that the rise of Nazi Germany meant that Poland would no longer be a safe place for

his family, since he was Jewish. He visited Ecuador in 1933 and China in 1934 and 1935. The petitioner was born in Ecuador in November of 1935, when his parents returned there from China. He has since become a United States citizen. His brother Isaac Ascher, the beneficiary, was born in Ecuador in 1940. The family remained in Ecuador until either 1946 or 1947. The beneficiary, Isaac Ascher, married a native of Great Britain in approximately 1962. Two children were born to them in England in 1964 and 1967. The beneficiary, his wife and their children are presently in the United States as nonimmigrants. The record indicates that the beneficiary arrived in the United States on July 3, 1969 as a visitor. Mauricio Ascher, the father of both the petitioner and the beneficiary, has been admitted to the United States for lawful permanent residence.

The issue presented by this case is whether the beneficiary, a special immigrant by virtue of his birth in an independent country of the Western Hemisphere, may be charged in the alternate to the country of birth of either (1) his father, or (2) his spouse. Stated in technical language, the question is whether the beneficiary qualifies for an exception under section 202(b)(4) or section 202(b)(2) from the general rule that an alien is chargeable to the foreign state of his birth. If he qualifies, then he may properly be accorded a preference status under section 203(a) of the Act.

Our prior precedent decision in *Matter of Tiszai*, 12 I. & N. Dec. 425 (BIA, 1967) formerly served to bar access to the alternate chargeability provisions contained in section 202(b) of the Act to natives of the Western Hemisphere on the ground that they were special immigrants. That decision was held by us to be no longer applicable due to substantial changes in law and regulations since it was decided, *Matter of Chatterton*, A–19942340, Interim Decision No. 2133 (BIA, March 21, 1972). Thus, a native of the Western Hemisphere may take advantage of the alternate chargeability provisions if he otherwise qualifies.

Section 202(b) of the Immigration and Nationality Act contains the provisions relating to alternate chargeability to the country of birth of a parent or spouse. It reads, in relevant part, as follows:

... For the purposes of this Act the foreign state to which an immigrant is chargeable shall be determined by birth within such foreign state except that (1) an alien child, when accompanied by his alien parent or parents, may be charged to the same foreign state as the accompanying parent or of either accompanying parent if such parent has received or would be qualified for an immigrant visa, if necessary to prevent the separation of the child from the accompanying parent or parents, and if the foreign state to which such parent has been or would be chargeable has not exceeded the numerical limitation set forth in the proviso to subsection (a) of this section for that fiscal year; (2) if an alien is chargeable to a different foreign state from that of his accompanying spouse, the foreign state to

which such alien is chargeable may, if necessary to prevent the separation of husband and wife, be determined by the foreign state of the accompanying spouse, if such spouse has received or would be qualified for an immigrant visa and if the foreign state to which such spouse would be chargeable has not exceeded the numerical limitation set forth in the proviso to subsection (a) of this section for that fiscal year; (3) ... (4) an alien born within any foreign state in which neither of his parents was born and in which neither of his parents had a residence at the time of such alien's birth may be charged to the foreign state of either parent.

For the sake of simplicity, we shall refer to the exception from the general rule for chargeability contained in section 202(b)(1) as the "first exception"; that contained in section 202(b)(2) as the "second exception"; and so on.

The term "foreign state" is defined in 22 CFR 42.1, which reads as follows:

For the purpose of according alternate chargeability pursuant to section 202(b) of the Act, the term "foreign state" is not restricted to those areas to which the numerical limitation prescribed by section 202(a) of the Act applies but includes dependent areas, as defined in this section, and independent countries of the Western Hemisphere and the Canal Zone.

The term "accompanying" is not defined in the Immigration and Nationality Act but is defined in 22 CFR 42.1 as follows:

"Accompanying" or "accompanied by" means, in addition to an alien in the physical company of a principal alien, an alien who is issued an immigrant visa within 4 months of the date of issuance of a visa to the principal alien, within 4 months of the adjustment of status in the United States of the principal alien, or within 4 months from the date of the departure of the principal alien from the country in which his dependents are applying for visas if he has traveled abroad to confer his foreign state chargeability upon them. An "accompanying" relative may not precede the principal alien to the United States.

The beneficiary does not qualify for an exception under section 202(b)(4) because the fourth exception is only available to an alien born in a foreign state in which neither of his parents was born and in which neither of his parents had a residence at the time of his birth. Although his parents were both apparently natives of Poland, it seems to us that their stay in Ecuador from 1935 until 1940 constitutes sufficient residence in Ecuador to make section 202(b)(4) inapplicable to the present case. The Ecuadorian authorities apparently took the same stance, for the beneficiary's birth certificate states that his parents were both of Ecuadorian nationality.

It is essential to bear in mind that the spouse of Isaac Ascher is not petitioning for preference status on her husband's behalf. Isaac Ascher is the beneficiary of a petition filed by his United States citizen brother, Charles Ascher. As we have seen above, the fourth exception, found in section 202(b)(4), is inapplicable. The

first exception, found in section 202(b)(1), clearly is limited to an alien *child* accompanied by a parent. The record indicates that the beneficiary is 32 years of age. Therefore, he does not qualify as a "child" under the immigration laws. The first exception, then, is not available to him. The third exception, relating to aliens born within the United States, is clearly inapplicable. There remains to be considered only the possibility of the second exception which is found in section 202(b)(2).

The beneficiary, whose brother is the petitioner, may not be charged to the foreign state of birth of his wife. For qualification for the second exception under section 202(b)(2), it must be established (1) that the beneficiary is an alien spouse, (2) that he will be "accompanied by" his spouse within that term's definition found in 22 CFR 42.1, (3) the accompanying spouse must have been born in a "foreign state" as defined in 22 CFR 42.1, (4) the accompanying spouse must have "received or would be qualified for an immigrant visa", and (5) the foreign state to which such spouse would be chargeable has not exceeded the applicable numerical limitation for the fiscal year.

At oral argument petitioner's attorney spoke of the possibility that the beneficiary's spouse might apply to have her status adjusted to that of a lawful permanent resident. Section 202(b)(2) is silent about the case of a principal alien who has her status adjusted. Would adjustment of status bring her within the category of a spouse who "has received or would be qualified for an immigrant visa?" We believe it would, since adjustment of status is tantamount to the receipt of an immigrant visa in that it too confers immigrant status.

The case of a principal alien who receives adjustment of status instead of an immigrant visa is specifically mentioned in 22 CFR 42.1, which contains the definition of the term "accompanied by." According to that section, an alien qualifies as an accompanied alien if he is issued an immigrant visa "within 4 months of the adjustment of status in the United States of the principal alien."

In our opinion the words "would be qualified for an immigrant visa", which appear in section 202(b)(2), were not intended to include a case in which there is a mere theoretical possibility that the accompanying spouse might be qualified for an immigrant visa or for adjustment of status. In any given case the appropriate application must have been filed and there must be a strong likelihood of approval. Of course, an exception granted under section 202(b)(2) on the basis that an accompanying spouse "would be qualified for an immigrant visa" must be withdrawn in the event the application of the accompanying spouse is not approved.

In the present case the District Director found that the benefi-

274

ciary's spouse (1) had not received an immigrant visa and (2) that there was nothing in the record to indicate that she would be eligible for one. He applied the test set forth in section 202(b)(2) and concluded that it had not been established that the beneficiary qualified for an exception under that section. The beneficiary, then, is not entitled to alternate chargeability to the birthplace of his spouse, and without such alternate chargeability he is not eligible for an immigrant visa. The District Director accordingly denied the petitioner's application for preference status. We affirm his denial and the following order shall be entered.

ORDER: The appeal is dismissed.

## BEFORE THE BOARD
### (January 23, 1973)

In an order dated April 19, 1972, we dismissed an appeal from a decision of the District Director denying the petitioner's application for preference status for the beneficiary. The Service moves for reconsideration, and counsel for the petitioner joins in that request. The motion for reconsideration will be granted and the case will be remanded to the District Director for further proceedings.

The United States citizen petitioner applied for preference status for the beneficiary as his brother under section 203(a)(5) of the Immigration and Nationality Act. The beneficiary was born in Ecuador, of parents who were born in Poland, and his wife is a native of Great Britain. At the present time he is not eligible for an immigrant visa unless he can receive alternate chargeability to the foreign state of his wife's birth pursuant to section 202(b)(2) of the Act.

In our decision of April 19, 1972, we found the beneficiary not entitled to alternate chargeability. We reached that conclusion because section 202(b)(2), dealing with alternate chargeability to the foreign state of an alien's spouse, requires, *inter alia*, that the spouse have "received or would be qualified for" an immigrant visa. We agreed with the District Director's finding that (1) the beneficiary's spouse had not received an immigrant visa, and (2) that there was nothing in the record to indicate that she would be eligible for one. On the basis of new facts presented by the Service and the petitioner's counsel, we now find that there may be a possibility that the beneficiary's wife can become eligible for an immigrant visa.

The Service takes the position that our ruling of April 19, 1972 was unduly restrictive and in conflict with a long-standing policy of the Department of State. The Service refers to Note 6 to 22 CFR

42.1 appearing in the Visa Volume of the Foreign Service Manual.[1] The Service contends in its motion that "[I]t is not necessary that the spouse whose foreign state chargeability was to be conferred on the other spouse, be independently qualified for an immigrant visa or already be a recipient of an immigrant visa." We do not agree with this position.

We have examined the language of Note 6 carefully and conclude that the Service's construction is overly broad. The very language of Note 6 limits its application to the case of an alien who wishes to derive more favorable foreign state chargeability from his accompanying alien spouse under section 202(b)(2), when the spouse wishes to derive preference status from him *at the same time*. The Note advises *simultaneous* issuance of visas and application for admission into the United States.

Inasmuch as the beneficiary was born in a foreign country of the Western Hemisphere, he could not be granted adjustment of his status under section 245 of the Immigration and Nationality Act. Therefore, the spouses will have to proceed abroad for the purpose of filing simultaneous applications for visas. Counsel obviously contemplates that course of action.

We are satisfied that simultaneous application for visas abroad by the beneficiary and his wife, followed by simultaneous application for admission, would comply with both our order of April 19, 1972 and Note 6. We disagree with the Service's motion for reconsideration only to the extent that the Service seeks a reversal of our earlier order, which we deem unnecessary. The question now is a factual one: whether the petitioner can establish, in

---

[1] The full text of Note 6 is as follows:

*Principal and derivative aliens.* An alien may derive more favorable foreign state chargeability from his accompanying alien spouse under the provisions of section 202(b)(2) of the Act and the spouse may, at the same time, derive preference status from him. Thus, the beneficiary of a fifth preference petition born in Italy who is accompanying his Austrian-born spouse to the United States may be issued a fifth preference Austrian visa if Austrian fifth preference numbers are available. His wife in turn derives fifth preference status under her own foreign state from her husband if a visa is not otherwise immediately available to her. In such cases there are two principal aliens; the husband is the principal alien for the purpose of conferring preference status and the wife is the principal alien for the purpose of conferring a more favorable foreign state chargeability. The same principles would apply in a case in which one spouse must benefit from the provisions of section 212(g) of the Act, while the other spouse may derive the benefits of a more favorable foreign state chargeability, or of special immigrant or a preference immigrant status, from the afflicted alien. In this type of case visas should be issued to the husband and wife simultaneously and they should be cautioned to apply for admission into the United States simultaneously, neither preceding the other. (See Note 4 to 22 CFR 42.37.)

advance, that the beneficiary and his spouse will go abroad as indicated.

We hold that the District Director may, if he is satisified that it is the appropriate procedure in a given case, issue a conditional grant of approval, subject to a later simultaneous application for visas and admission. The present case is one in which counsel has suggested the possibility that there may be such simultaneous application. Unfortunately, there is nothing before us as to the intentions of the beneficiary and his spouse except, the bare assertion of counsel. Consequently, we must remand the case to the District Director so that he may make further inquiry.

The motion for reconsideration is granted and the case will be remanded to the District Director.

**ORDER:** The motion for reconsideration is granted, our order dated April 19, 1972 is vacated, and the case is remanded to the District Director for further proceedings consistent with the foregoing opinion.