## MATTER OF VON PERVIEUX

### In Deportation Proceedings

A–19679369
A–19679370

*Decided by Board July 24, 1975*

Nothwithstanding respondent, a native of Argentina, is alternately chargeable to the quota of the country of birth of his spouse (Italy) under section 202(b)(2) of the Immigration and Nationality Act, as amended, and is the beneficiary of an approved sixth preference visa petition with a labor certification, as a native of a country of the Western Hemisphere he is precluded by the provisions of section 245(c) of the Act from adjustment of his status to that of a lawful permanent resident under section 245.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—
—remained longer than permitted (both respondents)

ON BEHALF OF RESPONDENTS:
Filindo B. Masino, Esquire
1420 Walnut Street
Philadelphia, Pennsylvania 19102

ON BEHALF OF SERVICE:
Robert T. Griffin
Appellate Trial Attorney

In a decision dated January 24, 1975, after a reopened hearing, the immigration judge denied the respondents' applications for adjustment of status under section 245 of the Immigration and Nationality Act, and she granted the respondents the privilege of departing voluntarily from the United States in lieu of deportation. The respondents have appealed from that decision. The appeal will be dismissed.

The male respondent is a native and a citizen of Argentina. His wife, the female respondent, is a native of Italy and a citizen of Argentina. The male respondent is apparently the beneficiary of an approved sixth preference visa petition with a labor certification. The female respondent has no labor certification, nor is she the beneficiary of an approved visa petition. Consequently, her application for adjustment of status under section 245 of the Act is dependent upon the success of the male respondent's application.

The male respondent evidently is alternately chargeable to the quota of his spouse's country, Italy, under section 202(b)(2) of the Act. The

issue on appeal is whether, by reason of such alternate chargeability, the male respondent is eligible to apply for adjustment of status despite his birth in the Western Hemisphere. See section 245(c) of the Immigration and Nationality Act.

*Matter of Ascher,* 14 I. & N. Dec. 271 (BIA 1972, 1973), involved in visa petition filed in behalf of a native of the Western Hemisphere who was attempting to adjust his status by claiming alternate chargeability to the quota of his spouse's country under section 202(b)(2) of the Act. In that case we stated:

> Inasmuch as the beneficiary was born in a foreign country of the Western Hemisphere, he could not be granted adjustment of his status under section 245 of the Immigration and Nationality Act. Therefore, the spouses will have to proceed abroad for the purpose of filing simultaneous applications for visas.

Although *Matter of Ascher* was a visa petition case, we believe that the foregoing is a correct statement of the law applicable when a Western Hemisphere native seeks adjustment of status by claiming alternate chargeability under section 202(b)(2) of the Act. Section 245(c) of the Act specifically precludes an application for adjustment by "any alien who is a native of any country of the Western Hemisphere or of any adjacent island named in section 101(b)(5)." Section 202(b) of the Act provides certain exceptions to *quota chargeability.* The prohibition contained in section 245(c), however, relates solely to *birth* in a foreign country of the Western Hemisphere, and has nothing to do with *quota chargeability.* Consequently, alternate chargeability under section 202-(b) cannot remove a Western Hemisphere native from the scope of section 245(c) of the Act.

Neither of the respondents is eligible for adjustment of status under section 245 of the Act. The appeal will be dismissed.

ORDER: The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondents are permitted to depart from the United States voluntarily within such time and under such conditions as the district director shall specify; and in the event of failure so to depart, the respondents shall be deported as provided in the immigration judge's order.