**Pantaleon JAUREGUI GONZALEZ and Blanca Esther Jauregui, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General,\* Respondent.**

No. 04–72683.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Filed Nov. 26, 2007.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Stuart I. Folinsky, Esq., Los Angeles, CA, Lea Greenberger, Attorney at Law, Encino, CA, for Petitioners.

District Counsel, Esq., Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA Richard M. Evans, Esq., Genevieve Holm, Esq., Earle B. Wilson, Esq., Brooke M. Maurer, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PAEZ and FARRIS, Circuit Judges, and BLOCK,** District Judge.

### MEMORANDUM ***

#### I.

Pantaleon Jauregui Gonzalez ("Mr. Jauregui") appeals from an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen. He argues that the BIA abused its discretion because he was entitled to an adjustment of status pursuant to 8 U.S.C. § 1255(i). More specifically, he contends: (1) that even though his visa petition was filed after the statutory deadline of April 30, 2001, see 8 U.S.C. § 1255(i)(1)(B)(i), it should nevertheless be deemed timely because he is entitled to transfer his wife's Western Hemisphere priority date of 1968, based upon her father's admission to United States prior to her birth in 1968; and (2) a visa is "immediately available," 8 U.S.C. § 1255(i)(2)(B), because the State Department would give his visa petition precedence as a result of the priority date.

1. Even if Mr. Jauregui's wife was entitled to a 1968 priority date—an issue we need not decide—it would not be transferable to Mr. Jauregui, see 22 C.F.R. § 42.53; 9 Department of State Foreign Affairs Manual 42.53 n.4.3 ("There is no cross-chargeability for Western Hemisphere priority dates. Thus, if a derivative spouse [i.e. Mr. Jauregui's wife] is entitled to a Western Hemisphere priority date, the alien [i.e. Mr. Jauregui's wife] cannot transfer entitlement to the principal applicant [i.e. Mr. Jauregui]."). Mr. Jauregui's reliance on *Matter of Ascher*, 14 I. & N. Dec. 271 (BIA 1973), is misplaced because *Ascher* concerns cross-chargeability of an alien's foreign state, not transferability of a priority date. *Id.* at 272. Therefore, Mr. Jauregui's visa petition cannot be deemed timely.

2. Regardless of whether Mr. Jauregui's visa petition was timely filed and would receive precedence from the State Department, a visa is not "immediately available" to him because the petition filed on his behalf has not been approved.

** The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*See Hernandez v. Ashcroft,* 345 F.3d 824, 842 (9th Cir.2003) ("[A]n immigrant visa cannot be immediately available to a petitioner unless a petition on her behalf has been approved.").

## II.

Blanca Ester Jauregui ("Mrs. Jauregui") appeals from the BIA's denial of her motion to reopen, arguing that the BIA abused its discretion because she was denied due process by the Immigration Judge ("IJ"). We agree.

■ The IJ denied Mrs. Jauregui due process by failing to address her application for cancellation of removal independent from her husband's, as manifested by: (1) turning the focus of the joint proceeding to Mr. Jauregui's application when the Jaureguis' counsel expressed his desire to address Mrs. Jauregui's application; (2) failing to consider the effect of Mrs. Jauregui's removal, as opposed to the effect of *both* Jaureguis' removal, on their United States citizen son; and (3) stating, without hearing testimony from Mrs. Jauregui, that he did not "see any need to go further." A.R. at 156. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (holding petitioner's due process right to a fair hearing was denied where IJ indicated that he viewed petitioner's claim to be without merit prior to hearing testimony, in violation of the BIA's directive not to rely on written applications alone); *Cano–Merida v. INS,* 311 F.3d 960, 965 (9th Cir.2002) (holding petitioner was denied due process because, prior to taking petitioner's testimony, the IJ told petitioner his claim had no basis).

Because "the IJ's conduct undercut the normal course of proceedings," Mrs. Jauregui "has demonstrated prejudice and a clear violation of [her] due process rights." *Cano–Merida,* 311 F.3d at 965.

## III.

Mr. Jauregui's petition is denied. Mrs. Jauregui's petition is granted and we remand to the BIA with instructions to remand to an Immigration Judge for a new hearing on her cancellation of removal claim.

**DENIED in part; GRANTED and RE-MANDED in part.**