Interim Decision #1495

MATTER OF PAULUS

In Deportation Proceedings

A-11773984

Decided by Board May 25, 1965

Where the record of conviction is silent as to the narcotic involved, an alien's conviction of violation of section 11503, Health and Safety Code of California, for selling and delivering a substance and material in lieu of a narcotic after having offered to sell and furnish a narcotic, does not constitute a ground of deportability under section 241(a)(11), Immigration and Nationality Act, as amended, since the conviction could have involved a substance which though a narcotic under California law is not a narcotic drug within the meaning of the immigation laws.

CHARGES:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of violation of any law governing or controlling the taxing, sale, etc., of narcotic drugs, to wit, section 11503, Health and Safety Code of California (1963).

Lodged: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of violation of any law relating to the illicit traffic in narcotic drugs, to wit, section 11503, Health and Safety Code of California.


The special inquiry officer terminated proceedings. The Service appeals from the order of the special inquiry officer terminating proceedings. Only the lodged charge is in issue; the Service withdrew the charge in the order to show cause.

The special inquiry officer has written an extensive and well reasoned order; briefly, respondent, a 30-year-old married male alien, native and last a national of Germany, was admitted to the United States for permanent residence on February 21, 1958. He was convicted in a California state court on August 12, 1963 for violating section 11503 of the Health and Safety Code of California; [1] the

274

information charged that respondent "did offer unlawfully to sell and furnish a narcotic to a person and did then sell and deliver to such person a substance and material in lieu of such narcotic." There is nothing in the record of conviction to identify the narcotic which respondent offered to sell. The California law relates to a narcotic or marihuana violation rather than to larcenies or frauds (*Haserot v. United States*, 321 F.2d 582 (9th Cir., 1963); the question is whether every conviction under the section can serve as the basis for deporting an alien as one who:

has been convicted of a violation of, * * * any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana * * * (section 241(a)(11) of the Act (8 U.S.C. 1251)).

The special inquiry officer's reason for terminating proceedings is that the record being silent as to the narcotic involved in the conviction it is possible that the conviction involved a substance (such as peyote) which is a narcotic under California law but is not defined as a narcotic drug under federal law: since a doubt is thus created, and since the respondent must be given the benefit of the doubt, it cannot be said for immigration purposes, that he has been convicted of a law relating to narcotic drugs.

The Service contends that the conviction is sufficient because, the California statute is recognized as one relating to narcotics (no case interpreting it so in the context of a deportation proceeding is cited), because Congress used the term "narcotic drugs" in a generic sense, and because Congress' failure to provide a federal standard leaves room for state interpretation. At oral argument, the Service representative expressed the belief that the issue presented was whether the substitution of a nonnarcotic at the time of sale prevents the law from being one concerning narcotic drugs. He also pointed out that the history of the law reveals that it was enacted to make possible convictions of sellers of narcotics who, having arranged for the sale of a narcotic but becoming suspicious of the bona fides of the buyer,

---

¹ Section 11503. Unlawful sale, furnishing, transportation, *etc.*, of narcotic, or any other liquid, substance, or material in lieu of narcotic: Punishment.

Every person who agrees, consents, or in any manner offers to unlawfully sell, furnish, transport, administer, or give any narcotic to any person, or offers, arranges, or negotiates to have any narcotic unlawfully sold, delivered, transported, furnished, administered, or given to any person and then sells, delivers, furnishes, transports, administers, or gives, or offers, arranges, or negotiates to have sold, delivered, transported, furnished, administered, or given to any person any other liquid, substance, or material in lieu of any narcotic shall be punished by imprisonment in the county jail for not more than one year, or in the state prison for not more than 10 years.

substituted a nonnarcotic to avoid possible arrest on a narcotic charge.

Counsel makes a distinction between the sale of a narcotic and the sale of narcotic *drugs*. He contends that one who offers to sell a narcotic and delivers a nonnarcotic has not engaged in "illicit traffic", that a federal definition must be used to determine whether a conviction falls within the terms of the federal law (*Mendoza-Rivera* v. *Del Guercio*, 161 F. Supp. 473 (So.D. Cal., 1958), affirmed *Hoy* v. *Mendoza-Rivera*, 267 F.2d 451 (9th Cir., 1959), and that procedural error was committed when respondent was prevented from explaining the circumstances concerning his conviction.

The California law was meant to discourage anyone from engaging or appearing to engage in narcotics traffic (*Peo.* v. *Shephard*, 337 P.2d 214); however, we do not believe that the present conviction comes within the provisions of the immigration laws under which "narcotic drugs" have a definite meaning and under which there must be a conviction of a law relating to narcotic drugs. At most, the Service has shown that respondent was convicted of a law which may or may not relate to narcotic drugs.

In *Mendoza-Rivera, supra*, the question was whether an alien convicted under California law of possessing marihuana has been convicted of a violation of a law relating to narcotic drugs. Under California law marihuana is classified as a narcotic drug. The court determined that Congress treated narcotic drugs and marihuana in separate categories and ruled therefore that marihuana was not included in the term "narcotic drugs" for purposes of the immigration laws. It would thus appear that only a conviction for illicit possession of or traffic in a substance which is defined as a narcotic drug under federal laws can be the basis for deportation proceedings under section 241(a)(11) of the Act. Since the conviction here could have been for an offer to sell a substance which though a narcotic under California law is not a narcotic drug under federal laws, we cannot say that the Service has borne its burden of establishing that respondent has been convicted of a violation of a law relating to narcotic drugs. The fact that for some purposes, the California statute is considered a narcotic law violation does not bring a conviction within the immigration laws: it is well recognized that a law may be considered a conviction for some purpose and not others (*Matter of G—*, 9 I. & N. Dec. 159, 166); furthermore, the name the state gives a crime does not necessarily control (*United States* v. *Flores-Rodriguez*, 237 F.2d 405, 2nd Cir., 1956).

**ORDER:** It is ordered that the Service appeal be and the same is hereby dismissed.