## Matter of Lael MARTINEZ ESPINOZA, Respondent

File A073 829 129 - Bloomington, Minnesota

*Decided November 4, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)   An alien may be rendered inadmissible under section 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(2)(A)(i)(II) (2006), on the basis of a conviction for possession or use of drug paraphernalia.

(2)   An alien who is inadmissible under section 212(a)(2)(A)(i)(II) of the Act based on a drug paraphernalia offense may qualify for a waiver of inadmissibility under section 212(h) of the Act if that offense "relates to a single offense of simple possession of 30 grams or less of marijuana."

FOR RESPONDENT:  Selena Britzius-Negash, Esquire, St. Paul, Minnesota

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Darrin Hetfield, Assistant Chief Counsel

BEFORE:  Board Panel:  FILPPU, PAULEY, and GREER, Board Members.

PAULEY, Board Member:

This case requires us to decide how drug paraphernalia offenses should be treated under the inadmissibility provisions of the immigration law. We hold that a conviction for possessing or using drug paraphernalia can render an alien inadmissible, but that such inadmissibility may be waived in appropriate cases under section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h) (2006).  As a result, we will remand the case for further proceedings.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent, a native and citizen of Mexico, concedes that he is removable under section 212(a)(6)(A)(i) of the Act by virtue of his unlawful presence in the United States.  As relief from removal, he seeks adjustment of status under section 245(i) of the Act, 8 U.S.C. § 1255(i) (2006), a form of relief that can be granted only to an alien who demonstrates, among

other things, that he is "admissible to the United States for permanent residence." Section 245(i)(2)(A) of the Act. In a decision dated March 20, 2007, the Immigration Judge found that the respondent could not satisfy this admissibility requirement because he has a 2006 Minnesota conviction for possessing drug paraphernalia that makes him inadmissible under section 212(a)(2)(A)(i)(II) of the Act. Furthermore, the Immigration Judge determined that the respondent's inadmissibility cannot be waived under section 212(h) of the Act because his offense did not "relate[] to a single offense of simple possession of 30 grams or less of marijuana," the only type of drug crime for which such a waiver is available.[1] The respondent has appealed.

## II. ANALYSIS

### A. Inadmissibility Under Section 212(a)(2)(A)(i)(II) of the Act

The Immigration Judge found that the respondent's drug paraphernalia conviction makes him inadmissible under section 212(a)(2)(A)(i)(II) of the Act, which states that "any alien convicted of . . . a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), is inadmissible." We agree with that determination, which is in keeping with decisions of the United States Courts of Appeals for the Seventh and Ninth Circuits. *Estrada v. Holder*, 560 F.3d 1039, 1042 (9th Cir. 2009); *Escobar Barraza v. Mukasey*, 519 F.3d 388, 389-90 (7th Cir. 2008); *Luu-Le v. INS*, 224 F.3d 911, 914-16 (9th Cir. 2000).

The respondent was convicted under section 152.092 of the Minnesota Statutes, which provides that "[i]t is unlawful for any person knowingly or intentionally to use or to possess drug paraphernalia." The term "drug paraphernalia" is defined in section 152.01(18) of the Minnesota Statutes as follows:

> Drug paraphernalia. (a) Except as otherwise provided in paragraph (b), "drug paraphernalia" means all equipment, products, and materials of any kind, except those items used in conjunction with permitted uses of controlled substances under this chapter or the Uniform Controlled Substances Act, which are knowingly or intentionally used primarily in (1) manufacturing a controlled substance, (2) injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance, (3) testing the strength, effectiveness, or purity of a controlled substance, or (4) enhancing the effect of a controlled substance.

---

[1] The respondent is also inadmissible under section 212(a)(2)(A)(i)(I) of the Act because he has two convictions for "crimes involving moral turpitude," but there is no dispute that section 212(h) operates to waive this ground of inadmissibility.

> (b) "Drug paraphernalia" does not include the possession, manufacture, delivery, or sale of hypodermic needles or syringes in accordance with section 151.40, subdivision 2.

The respondent was convicted after pleading guilty to a complaint charging him with possessing a marijuana pipe.

The respondent argues that the statutes under which he was convicted do not "relat[e] to a controlled substance" because they prohibit the possession of "implements" rather than "controlled substances." We disagree. The phrase "relating to a controlled substance" is not defined in the Act, but the "relating to" concept has a broad ordinary meaning, namely, "'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.'" *Morales v. Trans World Airlines Inc.*, 504 U.S. 374, 383 (1992) (quoting *Blacks Law Dictionary* 1158 (5th ed. 1979)). We conclude that a law prohibiting the possession of an item intentionally used for manufacturing, using, testing, or enhancing the effect of a controlled substance necessarily pertains to a controlled substance. Possessing "a pipe for smoking marijuana is a crime within the scope of [section 212(a)(2)(A)(i)(II)] because drug paraphernalia relates to the drug with which it is used." *Escobar Barraza v. Mukasey*, 519 F.3d at 391.

The respondent also argues that because the Act contains a number of waiver provisions that are designed to ameliorate the immigration consequences of minor marijuana possession convictions, it would violate the spirit and purpose of the law to find him inadmissible on the basis of a "minor" conviction for possessing a marijuana pipe. On the contrary, the fact that Congress enacted special waiver provisions for first-time marijuana possession convictions presupposes that such convictions do, in fact, make aliens inadmissible, unless waived. The language, structure, and purpose of the Act amply support the view that Congress intended aliens to be rendered inadmissible even for relatively "minor" marijuana convictions.

The respondent's next argument is that his conviction is "overbroad" because Minnesota's definition of drug paraphernalia in section 152.01(18)(a) covers items that are used "primarily" for manufacturing, using, testing, or enhancing controlled substances. In the respondent's view, the term "primarily" connotes that a person may be convicted of possessing drug paraphernalia even if he did not intend the object to be used for drug-related purposes. However, that construction of the law is foreclosed by Minnesota case law holding that "[i]tems found to have the physical characteristics necessary to meet the statutory definition of drug paraphernalia must also be intended for use as drug paraphernalia, that is, with controlled substances."

*City of St. Paul v. Various Items of Drug Paraphernalia*, 474 N.W.2d 413, 416 (Minn. Ct. App. 1991).

The respondent also asserts that a drug paraphernalia conviction cannot support a finding of inadmissibility unless the paraphernalia was tied to a specific, federally controlled substance. *See Ruiz-Vidal v. Gonzales*, 473 F.3d 1072 (9th Cir. 2007); *Matter of Paulus*, 11 I&N Dec. 274 (BIA 1965). Because the respondent pled guilty to possessing a *marijuana* pipe, however, this argument has little relevance for his own case. *See* 21 U.S.C. § 812(c), Sch. I(c)(10) (2006) (listing marijuana as a federally controlled substance). In any event, the argument lacks merit for two reasons.

First, in *Paulus* and *Ruiz-Vidal* the Government bore the burden of proving that an alien was deportable because of a controlled substance violation. But here the sole question is whether the respondent can meet *his* burden of proving eligibility for adjustment of status. Section 291 of the Act, 8 U.S.C. § 1361 (2006); *see also Matter of Rainford*, 20 I&N Dec. 598, 599 (BIA 1992) ("The burden of proving eligibility for the privilege of adjustment of status is upon the alien."). Under the regulations, moreover, "[i]f the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply." 8 C.F.R. § 1240.8(d) (2009). Inadmissibility to the United States is a "ground for mandatory denial" of adjustment of status, and the respondent's drug paraphernalia conviction raises a legitimate question as to whether that ground for mandatory denial "may apply" in his case. *Id.* Thus, the respondent bears the burden to resolve any issue that might arise in his case by virtue of an asymmetry between the Federal and State controlled substance schedules.

Second, we have long drawn a distinction between crimes involving the possession or distribution of a *particular* drug and those involving other conduct associated with the drug trade in general. Thus, the requirement of a correspondence between the Federal and State controlled substance schedules, embraced by *Matter of Paulus*, 11 I&N Dec. 274, for cases involving the possession of particular substances, has never been extended to other contexts by the Board. For example, in *Matter of Martinez-Gomez*, 14 I&N Dec. 104, 105 (BIA 1972), we held that an alien's California conviction for opening or maintaining a place for the purpose of unlawfully selling, giving away, or using any narcotic was a violation of a law relating to illicit traffic in narcotic drugs under former section 241(a)(11) of the Act, 8 U.S.C. § 1251(a)(11) (1970), even though the California statute required no showing that only *Federal* narcotic drugs were sold or used in the place maintained, because the "primary purpose" of the law was "to eliminate or control" traffic in narcotics.

The common-sense approach of *Matter of Martinez-Gomez* accords with the broad "relating to" language of current law and has largely been embraced by the courts. For example, the Ninth Circuit held that an alien was deportable based on his Arizona conviction for possessing drug paraphernalia, even though Arizona's definition of a "drug" did not "map perfectly" with the Federal controlled substance definition, because the Arizona statute was "plainly intended to criminalize behavior involving the production or use of drugs—at least some of which are also covered by the federal schedules of controlled substances." *Luu-Le v. INS*, 224 F.3d at 915. Similarly, the Seventh Circuit has held that an Illinois conviction for the knowing distribution of a "look-alike" controlled substance was a violation of a State law "relating to a controlled substance," even though "look-alike" substances are not listed on the Federal controlled substance schedules. *Desai v. Mukasey*, 520 F.3d 762, 764-65 (7th Cir. 2008); *see also Matter of T-C-*, 7 I&N Dec. 100, 102 (BIA 1956) (holding that an alien was deportable under former section 241(a)(11) based on his California conviction for selling a liquid, substance, or material in lieu of a narcotic drug, after he had agreed, offered, or consented to sell a narcotic).

The respondent's last argument is that possessing drug paraphernalia cannot make him inadmissible because no Federal law forbids such conduct.[2] However, section 212(a)(2)(A)(i)(II) of the Act does not require that a State offense be punishable under Federal law in order to support a charge of inadmissibility. Section 212(a)(2)(A)(i)(II) does contain the parenthetical phrase "as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)," but this phrase modifies only its immediate antecedent (i.e., "controlled substance"), not the whole text of the section. *See Escobar Barraza v. Mukasey*, 519 F.3d at 390 (holding that "[t]he only plausible understanding of [section 212(a)(2)(A)(i)(II)] is that 'as defined in [21 U.S.C. 802]' modifies 'controlled substance' and nothing else").

In conclusion, the respondent's conviction for possessing drug paraphernalia makes him inadmissible under section 212(a)(2)(A)(i)(II) of the Act. As an inadmissible alien, the respondent is ineligible for adjustment of status unless a waiver of inadmissibility is granted. The only waiver that is arguably available to the respondent is that set forth at section 212(h) of the Act.

---

[2] Federal law makes it a felony for any person to "(1) sell or offer for sale drug paraphernalia; (2) to use the mails or any other facility of interstate commerce to transport drug paraphernalia; or (3) to import or export drug paraphernalia." 21 U.S.C. § 863(a) (2006). However, the simple possession and use of drug paraphernalia is not federally proscribed.

B.  Eligibility for a Section 212(h) Waiver

In pertinent part, section 212(h) provides that "[t]he Attorney General may, in his discretion, waive the application of . . . [section 212(a)(2)(A)(i)(II)] insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana."[3]  The Board has not construed this sentence in any precedent decision, but in some of our unpublished decisions we have interpreted it as authorizing a waiver only if the applicant is inadmissible *for* "a single offense of simple possession of 30 grams or less of marijuana." Upon further consideration, we conclude that such an interpretation is too narrow.

Section 212(h) does not require an applicant to show that he was *convicted* of a single marijuana possession offense, or even that he *committed* such an offense; instead, it requires the applicant to show that his inadmissibility "relates to" such an offense.  As in section 212(a)(2)(A)(i)(II), the "relates to" phrase employed in section 212(h) expresses a legislative judgment that an alien's inadmissibility need only stand in some natural relation to the specific offense that is its object of reference.

Viewed in this light, section 212(h) neither categorically excludes nor clearly encompasses all drug paraphernalia offenses.  The statute does not clearly exclude all such offenses because the possession of drug paraphernalia can sometimes be a mere adjunct to the simple possession of a small amount of marijuana for personal use.  At the same time, "drug paraphernalia" can also denote syringes, drug scales, volatile chemicals and equipment used in methamphetamine labs, kits for extracting cocaine base, and a host of other devices that bear no relationship to simple marijuana possession.  Thus, while the language of section 212(h) likely encompasses *some* offenses involving possession of drug paraphernalia, it does not encompass *all* such offenses. Because the scope of section 212(h) is uncertain as it relates to drug paraphernalia offenses, we must resolve the uncertainty in a reasonable manner.  *Negusie v. Holder*, 129 S. Ct. 1159, 1163-64 (2009).

As noted, section 212(h) requires an applicant to demonstrate that his inadmissibility relates to a certain kind of marijuana possession "offense," namely, a single offense of simple possession of 30 grams or less of marijuana. The Supreme Court has observed that "words such as . . . 'offense' . . .

---

[3]  We interpret section 212(h), which waives the "application of . . . [section 212(a)(2)(A)(i)(II)]," to mean that it is *the ground* of inadmissibility—rather than the offense or the conviction—whose application may be waived.  *Cf. Matter of Balderas*, 20 I&N Dec. 389, 391 (BIA 1991) (observing in the context of a section 212(c) waiver that "a grant of . . . relief 'waives' the finding of excludability or deportability rather than the basis of the excludability itself").

sometimes refer to a generic crime . . . and sometimes refer to the specific acts in which an offender engaged on a specific occasion." *Nijhawan v. Holder*, 129 S. Ct. 2294, 2298 (2009). How the term "offense" is used in section 212(h) is important because it affects the evidence that an Immigration Judge can consult when seeking to connect that term to a particular alien's conduct. If the word "offense" denotes a generic crime, then its correspondence to the alien's conduct must be established "categorically," by reference to the elements of the crime only. *Id*. at 2298-99. Yet if the term refers to the alien's specific acts on a particular occasion, then it invites a broader inquiry into his conduct. *Id*.

We conclude that section 212(h) employs the term "offense" in the latter sense, to refer to the specific unlawful acts that made the alien inadmissible, rather than to any generic crime. Our main reason for drawing this conclusion is that the "offense" in question is defined so narrowly, by reference to a specific type of conduct (simple possession) committed on a specific number of occasions (a "single" offense) and involving a specific quantity (30 grams or less) of a specific substance (marijuana). Read in its most natural sense, this narrow language invites what the *Nijhawan* Court referred to as a "circumstance-specific" inquiry, that is, an inquiry into the nature of the conduct that caused the applicant to become inadmissible. *Id*. at 2298.

We do not deny that the elements of some State drug crimes may be defined with sufficient particularity as to encompass all the elements of the "offense" described in section 212(h) of the Act. But there are also many statutes—including 21 U.S.C. § 844 (2006), the Federal simple possession statute—that are far broader in scope, applying to *all* controlled substances and making no mention (in the marijuana context at least) of drug quantity. An alien convicted under such a broad statute could never establish categorical eligibility for a waiver because the quantity of the offending substance would not have been a statutory element that needed to be admitted or proven to a jury in order to convict. We think it unlikely that Congress intended to make an alien's eligibility for a waiver dependent on such an arbitrary factor as whether the convicting jurisdiction treated drug quantity as an element.

Furthermore, section 212(h) requires only that an applicant's inadmissibility "relate[] to" its object of reference, namely, "a single offense of simple possession of 30 grams or less of marijuana." Given the narrow specificity of that object, it is hard to imagine any offense—apart from a few inchoate offenses—that could "relate to" it categorically without actually *being* a simple marijuana possession offense. Had Congress wished to make waivers available only to aliens who had committed simple marijuana possession, using a broad expression like "relates to" would have been an unlikely choice of words. Thus, we conclude that Congress envisioned something broader, specifically, a factual inquiry into whether an alien's criminal conduct bore

such a close relationship to the simple possession of a minimal quantity of marijuana that it should be treated with the same degree of forbearance under the immigration laws as the simple possession offense itself.

In light of the foregoing, we conclude that an alien who is inadmissible under section 212(a)(2)(A)(i)(II) of the Act may apply for a section 212(h) waiver if he demonstrates by a preponderance of the evidence that the conduct that made him inadmissible was either "a single offense of simple possession of 30 grams or less of marijuana" or an act that "relate[d] to" such an offense. When attempting to make such a showing, however, an applicant must bear several caveats in mind. First, waivers are only available for offenses that merit the same lenient treatment as simple possession. An offense does not "relate[] to a single offense of simple possession of 30 grams or less of marijuana" if it contains elements that make it substantially more serious than "simple possession." For example, possessing marijuana in a prison or near a school may relate to marijuana possession, but such offenses do not relate to *simple* possession because they are inherently more serious than the basic crime. *See Matter of Moncada*, 24 I&N Dec. 62 (BIA 2007). Second, removal proceedings are not a venue for the relitigation of criminal prosecutions. *See Matter of Ruiz-Massieu*, 22 I&N Dec. 833, 844 (BIA 1999), and cases cited therein. If the fact of conviction is sufficient to show that an alien committed actions in addition to (or more culpable than) a single offense of simple possession of a small amount of marijuana, then the inquiry is at an end, and section 212(h) relief is unavailable.

We now turn to the facts of this case. The respondent is inadmissible because of a Minnesota conviction for possessing drug paraphernalia. Under Minnesota law, "drug paraphernalia" includes objects—such as marijuana pipes—that can be used to introduce small quantities of marijuana into the body. The "use" of marijuana differs from "simple possession," but the two concepts are closely related. As we understand it, "simple possession" denotes the exercise of dominion or control over marijuana with an eye to its use by the possessor. Indeed, Minnesota law—like Federal law—does not punish the use of marijuana at all, but instead treats it as subsumed by the concept of simple possession. This close relationship between "simple possession" and "personal use" of marijuana is also reflected in section 237(a)(2)(B)(i) of the Act, 8 U.S.C. § 1227(a)(2)(B)(i) (2006), which contains an exception to deportability for any alien convicted of "a single offense involving *possession for one's own use* of thirty grams or less of marijuana." (Emphasis added.) Section 237(a)(2)(B)(i), with its explicit reference to "possession for one's own use," informs the meaning of the very similar language appearing in section 212(h). Thus, when a person possesses drug paraphernalia for the sole purpose of introducing 30 grams or less of marijuana into his body, his conduct "relates to" the offense described in section 212(h). The respondent

was convicted of possessing a marijuana pipe. Therefore he may be able to prove by a preponderance of the evidence that the conduct that makes him inadmissible was "relate[d] to," and no more serious than, a single offense of simple possession of 30 grams or less of marijuana.

The Immigration Judge did not give the respondent an opportunity to make such a showing because he concluded that aliens with drug paraphernalia convictions were categorically ineligible for section 212(h) relief. Furthermore, because the Board is generally precluded from engaging in factfinding, such a showing cannot be made on the appellate pleadings. 8 C.F.R. § 1003.1(d)(3)(iv) (2009). Accordingly, the record will be remanded to the Immigration Judge so that the respondent may have an opportunity to adduce evidence establishing his eligibility for section 212(h) relief.

## III.  CONCLUSION

The respondent's Minnesota conviction for possessing drug paraphernalia makes him inadmissible under section 212(a)(2)(A)(i)(II) of the Act, barring adjustment of status absent a section 212(h) waiver. To qualify for such a waiver, the respondent must prove that the conduct that makes him inadmissible "relates to a single offense of simple possession of 30 grams or less of marijuana." The respondent's statute of conviction encompasses some offenses that could satisfy that requirement, and the respondent's conviction record does not foreclose the possibility that his particular conviction arose from such conduct. Therefore, the record will be remanded so that the respondent may have an opportunity to prove that the conduct that made him inadmissible "relate[d] to" such a simple possession offense.

**ORDER:**  The appeal is dismissed in part and sustained in part.

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.