**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 27, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LUIS BENJAMIN
MARTINEZ-MERCADO, a/k/a
Benjamin L. Martinez, a/k/a Luis
Martinez,

        Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

        Respondent.

No. 11-9535
(Petition for Review)

---

**ORDER AND JUDGMENT**\*

---

Before **KELLY**, **MURPHY**, and **HOLMES**, Circuit Judges.

Luis Benjamin Martinez-Mercado seeks review of a Board of Immigration

Appeals (BIA) order affirming an Immigration Judge's (IJ) order of removal and

---

\*    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denial of his application for cancellation of removal. Exercising jurisdiction under 8 U.S.C. § 1252(a), we deny the petition for review.

### Background

Martinez-Mercado is a native and citizen of Mexico who entered the United States illegally in 1987. On June 13, 2002, he adjusted his status to lawful permanent resident (LPR). Five years later, on August 29, 2007, he was convicted of possession of marijuana in violation of Utah Code Ann. § 58-37-8(2)(a)(i), and possession of drug paraphernalia in violation of Utah Code Ann. § 58-37a-5(1). The Department of Homeland Security (DHS) issued Martinez-Mercado a notice to appear (NTA) on March 29, 2010, charging that he was removable under 8 U.S.C. § 1227(a)(2)(B)(i).[1]

At a hearing before the IJ on July 28, 2010, Martinez-Mercado admitted the factual allegations in the NTA regarding his marijuana-possession and drug-paraphernalia-possession convictions, but he nonetheless denied removability. He also sought cancellation of removal as an LPR under 8 U.S.C. § 1229b(a). The IJ issued a written decision finding Martinez-Mercado removable under § 1227(a)(2)(B)(i) based on his convictions for possession of marijuana and possession of drug paraphernalia. The IJ also found that

---

[1] The NTA initially referenced Martinez-Mercado's conviction for possession of drug paraphernalia, as well as several other convictions not relevant to this petition for review. DHS later amended the NTA to add a reference to his conviction for possession of marijuana.

-2-

Martinez-Mercado was statutorily ineligible for cancellation of removal because he failed to accrue the requisite seven years of continuous residence in the United States after admission in any status. *See* § 1229b(a)(2). Accordingly, the IJ denied Martinez-Mercado's application for cancellation of removal. The BIA affirmed the IJ's decision and dismissed his appeal.

## Discussion

Martinez-Mercado filed a timely petition for review, contending that the BIA erred in finding him removable and ineligible for cancellation of removal. Because a single member of the BIA affirmed the IJ's decision in a brief order, *see* 8 C.F.R. § 1003.1(e)(5), we review the BIA's opinion rather than the decision of the IJ, *see Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). We review the BIA's legal determinations de novo. *See Lockett v. INS*, 245 F.3d 1126, 1128 (10th Cir. 2001).

### *Removability under 8 U.S.C. § 1227(a)(2)(B)(i)*

DHS has the burden to prove by clear and convincing evidence that an alien is removable. *Jimenez-Guzman v. Holder*, 642 F.3d 1294, 1298 (10th Cir. 2011). In this case the government relied on 8 U.S.C. § 1227(a)(2)(B)(i), which provides:

> Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in <u>section 802 of Title 21</u>), *other than a single offense involving possession for one's own use of 30 grams or less of marijuana*, is deportable.

*Id.* (emphasis added). Thus, DHS had to prove not only that Martinez-Mercado had been convicted of a controlled-substance violation, but also that his conviction was not "a single offense involving possession for one's own use of 30 grams or less of marijuana" (hereafter the "personal use exception"). *See Medina v. Ashcroft*, 393 F.3d 1063, 1065 n.5 (9th Cir. 2005) ("The government bears the burden of establishing that an alien's conviction does not fall within the exception for possession of 30 grams or less of marijuana."); *In re Moncada-Servellon*, 24 I. & N. Dec. 62, 67 n.5 (BIA 2007) (same).

The BIA upheld the IJ's determination that Martinez-Mercado was removable under § 1227(a)(2)(B)(i) because he had two controlled-substance convictions, one for possession of marijuana and one for possession of drug paraphernalia.[2] The BIA reasoned that the personal use exception did not apply because Martinez-Mercado had more than one controlled-substance conviction and therefore more than a "single offense." Because the government relied on the existence of two controlled-substance convictions, it made no attempt to show

---

[2]     Martinez-Mercado does not dispute that both of his convictions are for violations of laws "relating to a controlled substance" under § 1227(a)(2)(B)(i). *See Luu-Le v. INS*, 224 F.3d 911, 914 (9th Cir. 2000) (holding that conviction for possession of drug paraphernalia under Arizona statute falls within the scope of § 1227(a)(2)(B)(i)). Utah's drug-paraphernalia statute has nearly identical wording as the Arizona statute at issue in *Luu-Le. Compare id.* at 915 (quoting Ariz. Rev. Stat. § 13-3415(A)), *with* Utah Code Ann. § 58-37a-5(1).

that either of Martinez-Mercado's convictions did not "involv[e] possession for one's own use of 30 grams or less of marijuana."  8 U.S.C. § 1227(a)(2)(B)(i).

According to the record, both of Martinez-Mercado's controlled-substance crimes occurred on the same date in April 2007.  He argued before the IJ and the BIA that, although he had two convictions, they amounted to a "single offense" for purposes of § 1227(a)(2)(B)(i).  The BIA characterized his contention as attempting to apply to the personal use exception in § 1227(a)(2)(B)(i) the limiting concept of a "single scheme of criminal misconduct."  That language is found in a different subsection of § 1227(a)(2), which provides for removal based on multiple convictions for crimes of moral turpitude "not arising out of a single scheme of criminal misconduct."  § 1227(a)(2)(A)(ii).  The BIA rejected Martinez-Mercado's contention because the "single scheme of criminal misconduct" language is not found in § 1227(a)(2)(B)(i).

In his petition for review, Martinez-Mercado equates "offense" as used in § 1227(a)(2)(B)(i) with "act," and he argues that his marijuana-possession and drug-paraphernalia possession convictions were based on a single act relating to possession for one's own use of 30 grams or less of marijuana.  For this proposition, Martinez-Mercado cites the BIA's decision in *Matter of Espinoza*, 25 I. & N. Dec. 118 (BIA 2009).  In that case the BIA construed statutory language that is similar, but not identical to the personal use exception in § 1227(a)(2)(B)(i).  Under 8 U.S.C. § 1182(a)(2)(A)(i)(II), aliens convicted of

controlled-substance violations are inadmissible. But the Attorney General has discretion to waive the application of that subsection "insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana," if the alien also satisfies additional conditions. 8 U.S.C. § 1182(h).[3]

In *Espinoza*, the BIA considered whether an alien who had a single conviction for possession of drug paraphernalia was eligible to apply for a waiver of inadmissibility under § 1182(h). *See* 25 I. & N. Dec. at 123. The BIA held that waiver eligibility under that section was not limited to aliens convicted of simple possession of marijuana. *See id.* Focusing on the language "relates to" in § 1182(h), the BIA concluded that an alien could apply for a waiver under that section if "the conduct that made him inadmissible was *either* 'a single offense of simple possession of 30 grams or less of marijuana' *or* an act that 'relate[d] to' such an offense." *Id.* at 125 (emphasis added).

Pointing to this holding in *Espinoza*, Martinez-Mercado asserts that he would be eligible for a waiver of inadmissibility pursuant to § 1182(h) because the act underlying both of his convictions related to simple possession of marijuana. While acknowledging that the issue here is removability rather than waiver of inadmissibility, he argues by extension that his two

---

[3]     The BIA has stated that Congress intended "simple possession" and "possession for one's own use" to be synonymous. *See Moncada-Servellon*, 24 I. & N. Dec. at 67.

controlled-substance convictions also qualify as "a single offense involving possession for one's own use of 30 grams or less of marijuana" under § 1227(a)(2)(B)(i). We are not persuaded. Importantly, the alien in *Espinoza* had only one controlled-substance conviction. *See* 25 I. & N. Dec. at 119. Consequently, the BIA had no occasion to consider whether two controlled-substance convictions could qualify as a "single offense," or whether it was necessary or appropriate to look at the conduct underlying two convictions in order to make that determination. Nor do we read the BIA's decision in *Espinoza* as requiring such an analysis.

DHS maintains its position that two controlled-substance convictions cannot qualify as a "single offense" under § 1227(a)(2)(B)(i). *See Rodriguez v. Holder*, 619 F.3d 1077, 1079 (9th Cir. 2010) (per curiam) (holding exception is inapplicable where alien had been convicted of multiple drug offenses, even though his latest offense was a "personal use" marijuana offense). Absent language like that found in 8 U.S.C. § 1227(a)(2)(A)(ii)–which explicitly requires consideration whether multiple convictions "[arose] out of a single scheme of criminal misconduct"–we cannot construe "single offense" as used in § 1227(a)(2)(B)(i) as applicable to more than one controlled-substance conviction. Therefore, the BIA did not err in holding that Martinez-Mercado was removable based on his marijuana-possession and drug-paraphernalia-possession convictions.

### *Eligibility for Cancellation of Removal*
### *Under 8 U.S.C. § 1229b(a)*

Martinez-Mercado also contends that the BIA erred in holding he was ineligible for cancellation of removal under 8 U.S.C. § 1229b(a), which provides:

> (a) Cancellation of removal for certain permanent residents
> The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien--
>
>> (1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
>>
>> (2) has resided in the United States continuously for 7 years after having been admitted in any status, and
>>
>> (3) has not been convicted of any aggravated felony.

The BIA held that Martinez-Mercado failed to satisfy the requirement under § 1229b(a)(2) of seven years of continuous residence after admission in any status. The BIA reasoned that, while he was admitted as an LPR in June 2002, the seven-year clock stopped running on the date of his controlled-substance offenses in April 2007. *See id.* § 1229b(d)(1). The BIA rejected Martinez-Mercado's contention that his parents' period of continuous residence after admission, while he was a minor, should be imputed to him for purposes of accruing the requisite seven years of continuous residence.[4]

---

[4] Martinez-Mercado claims that his parents were LPRs since December 1990 and thereafter continuously resided in the United States.

Martinez-Mercado renews this argument in his petition for review. But the Supreme Court recently rejected his contention in *Holder v. Martinez Gutierrez*, 132 S. Ct. 2011 (2012). The Court held that the BIA had reasonably construed § 1229b(a)(2) as requiring an alien living in the United States as a child to meet the seven-year continuous residence requirement on his own, without counting a parent's immigration status or years of residence. *See* 132 S. Ct. at 2014-15. Because the BIA's rule against imputation is a permissible construction of the statute, the Court upheld it under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984). *See* 132 S. Ct. at 2021. Therefore, the BIA did not err in concluding that Martinez-Mercado is ineligible for cancellation of removal because he failed to establish seven years of continuous residence in the United States after having been admitted in any status, as required by § 1229b(a)(2).

## Conclusion

The petition for review is DENIED.

Entered for the Court

Michael R. Murphy
Circuit Judge