12-563-ag
*Labrosciano v. Holder*

BIA
Straus, IJ
A099 195 677

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of March, two thousand thirteen.

PRESENT:
        JOSÉ A. CABRANES,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges*,
        JESSE M. FURMAN,
                *District Judge*.[1]

---

CHARLA SOPHIA LABROSCIANO,

      *Petitioner*,

        v.                                                  No. 12-563-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

      *Respondent*.

---

**FOR PETITONER:**                  Glenn T. Terk, Law Office of Glenn T. Terk, Wethersfield, CT.

---

[1]  The Honorable Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation

**FOR RESPONDENT:**                          Stuart F. Delery, Acting Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Matt A. Crapo, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of the January 13, 2012 decision of the Board of Immigration Appeals ("BIA") is **DENIED**.

Charla Sophia Labrosciano, a native and citizen of Jamaica, seeks review of a January 13, 2012 decision of the BIA affirming the October 4, 2010 decision of an Immigration Judge ("IJ") that denied her application for adjustment of status and for a waiver of inadmissibility, and ordering her removed.  *In re Labrosciano*, No. A099 195 677 (B.I.A. Jan. 13, 2012), *aff'g* No. A099 195 677 (Immig. Ct. N.Y. City Oct. 4, 2010).  We assume the parties' familiarity with the facts and procedural history in this case.

## DISCUSSION

In the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness."  *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (quotation marks omitted)).  We review *de novo* the BIA's legal conclusions and the application of law to undisputed facts.  *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2009).  Although we generally lack jurisdiction to review any judgment regarding eligibility for a waiver of inadmissibility under 8 U.S.C. § 1182(h), as well as a final order of removal issued against an alien who is removable by reason of having committed a controlled substance offense, *see* 8 U.S.C. §§ 1252(a)(2)(B)(i) and 1252(a)(2)(C), we retain jurisdiction to review colorable constitutional claims or questions of law, such as whether Labrosciano's criminal conviction renders her statutorily ineligible for a waiver of inadmissibility, *see id.* § 1252(a)(2)(D); *Sepulveda v. Gonzalez*, 407 F.3d 59, 62-63 (2d Cir. 2005).

### A. Inadmissibility

Labrosciano concedes that she was removable because she overstayed her visa, and thus, sought an adjustment of status and a waiver of inadmissibility.  In the circumstances, it is her burden to show that she is eligible for the relief she seeks.  8 U.S.C. § 1229a(c)(4).

Title 8 U.S.C. § 1182(a)(2)(A)(i)(II) provides that "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of . . . a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States,

or a foreign country relating to a controlled substance (as defined in section 802 of title 21) . . . is inadmissible." The agency concluded that Labrosciano's conviction for selling marijuana under Conn. Gen. Stat. § 21a-277(b) renders her inadmissible because it was a crime "relat[ing] to a controlled substance." Joint App'x 4. Labrosciano does not contest the agency's conclusion on inadmissibility; instead, she asserts only that the agency erred in finding that she was ineligible for a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(h), which (for the purpose of this appeal) allows the Attorney General, in his discretion, to waive inadmissibility provided that (1) the inadmissible offense "relates to a single offense of simple possession of 30 grams or less of marijuana" and (2) other circumstantial factors are met.

## B. Waiver of Inadmissibility

The agency determined that Labrosciano was not eligible for a waiver of inadmissibility because it found that her offense did not relate to the simple possession of marijuana. *See* Joint App'x 3-4. Labrosciano asserts that this conclusion was erroneous for two reasons. First, she argues that because her plea was an *Alford* plea, *see North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (allowing an individual to plead guilty to an offense without "admit[ing] h[er] participat[ing] in the acts constituting the crime"), it cannot be deemed an admission to any element of the crime or underlying circumstances. Second, she argues that the statutory phrase "relates to" should be construed broadly, and asserts that "[a]lthough [her] conviction was for sale of marijuana, a circumstance[-]specific inquiry requires a finding of eligibility for a [§ 1182(h)] waiver." Petitioner's Br. 5. Both arguments are without merit.

Labrosciano's argument related to her *Alford* plea is easily rejected. We specifically have held that a conviction for immigration purposes includes an *Alford* plea. *Abimbola v. Ashcroft*, 378 F.3d 173, 181 (2d Cir. 2004). Moreover, regardless of her *Alford* plea, Labrosciano admitted to purchasing marijuana for two men at a bar. Joint App'x 90-93; *see also Mizrahi v. Gonzales*, 492 F.3d 156, 159 (2d Cir. 2007) (noting that for the purposes of 8 U.S.C. § 1182(a)(2)(A)(i)(II), a violation "need not be reflected in an actual criminal conviction; it can be evidenced by an alien's admission to a violation of law relating to a controlled substance").

Labrosciano's second argument relies on *Matter of Espinoza*, 25 I. & N. Dec. 118 (B.I.A. 2009), a case in which the BIA explained that by using the term "relates to" in 8 U.S.C. § 1182(h), Congress intended the waiver provision to extend beyond convictions for simple possession, and "envisioned something broader, specifically, a factual inquiry into whether an alien's criminal conduct bore such a close relationship to the simple possession of a minimal quantity of marijuana that it should be treated with the same degree of forbearance under the immigration laws as the simple possession offense itself." *Id.* at 124-25. Specifically, in *Matter of Espinoza*, the BIA determined that "when a person possesses drug paraphernalia for the sole purpose of introducing 30 grams or less of marijuana into his body, his conduct 'relates to' the offense described in section

3

[1182(h)]." *Id.* at 125. In reaching that conclusion, however, the BIA cautioned that "[a]n offense does not 'relate[ ] to a single offense of simple possession of 30 grams or less of marijuana' if it contains elements that make it substantially more serious than 'simple possession.'" *Id.* The BIA also stated that "[i]f the fact of conviction is sufficient to show that an alien committed actions in addition to (or more culpable than) a single offense of simple possession of a small amount of marijuana, then the inquiry is at an end, and section [1182(h)] relief is unavailable." *Id.*

The language in *Matter of Espinoza* does not aid Labrosciano because her conviction was not for the simple possession of marijuana. Indeed, she was convicted under a statute that only punishes conduct that includes a more culpable "intent to transfer" element. *See* Conn. Gen. Stat. § 21a-277(b) ("[a]ny person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with intent to sell or dispense, possesses with intent to sell or dispense, offers, gives or administers to another person any controlled substance, except a narcotic substance, or a hallucinogenic substance other than marijuana . . . ."); *see also Garcia v. Holder*, 638 F.3d 511, 517 (6th Cir. 2011) (holding that an alien was ineligible for a waiver of inadmissibility under 8 U.S.C. § 1182(h) because he pleaded guilty to attempted possession of marijuana with the intent to deliver, which is "something more than simple possession"). In sum, Labrosciano pleaded guilty to an offense that involved the sale of, rather than mere possession of, marijuana; she also admitted to such conduct before the IJ. In the circumstances, the agency did not err in finding that she was ineligible for a waiver of inadmissibility under § 1182(h).

## CONCLUSION

For the foregoing reasons, the petition for review is **DENIED**. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4