**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-3997
_____

DAVID MCGRATH,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of
the Board of Immigration Appeals
Agency No.:  A077-948-510
Immigration Judge:  Honorable Andrew R. Arthur

_____

Submitted under Third Circuit LAR 34.1(a)
on January 20, 2015

Before:  RENDELL, SMITH, and KRAUSE, Circuit Judges

(Opinion filed: January 29, 2015)

_____

O P I N I O N*

_____

**RENDELL**, Circuit Judge:

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

David McGrath ("McGrath") petitions pro se for review of the Board of Immigration Appeals' ("BIA") September 6, 2013 decision, which upheld the denial of his application for adjustment of status in conjunction with finding him statutorily ineligible for a waiver of inadmissibility.[1]  Because McGrath's conviction under New York Penal Law § 220.06 precludes him from eligibility for a § 212(h) waiver and his other arguments also lack merit, we will affirm.[2]

## I.  McGrath's § 212(h) Ineligibility

The Attorney General may, in his discretion, waive the application of § 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act (the "Act"), which makes inadmissible an alien who commits a crime of moral turpitude, "insofar as [the crime] relates to a single offense of simple possession of 30 grams or less of marijuana," provided that certain criteria are met.  8 U.S.C. § 1182(h).  Pursuant thereto, "an alien who is inadmissible under section 212(a)(2)(A)(i)(II) of the Act may apply for a section 212(h) waiver if he demonstrates by a preponderance of the evidence that the conduct that made him inadmissible was either 'a single offense of simple possession of 30 grams or less of marijuana' or an act that 'relate[d] to' such an offense."  *Matter of Martinez Espinoza*, 25 I. & N. Dec. 118, 125 (BIA 2009) (alteration in original).

McGrath argues that because the statute under which he was convicted prohibits, inter alia, simple possession of "one or more preparations, compounds, mixtures or

---

[1] Although McGrath has since been removed, his removal does not moot this appeal.  *See Chong v. Dist. Dir., I.N.S.*, 264 F.3d 378, 385 (3d Cir. 2001).
[2] We have jurisdiction pursuant to 8 U.S.C. § 1252(a) for "constitutional claims or questions of law raised upon a petition for review."  8 U.S.C. § 1252(a)(2)(D).

substances containing concentrated cannabis . . . of an aggregate weight of one-fourth ounce [7.087 grams] or more," N.Y. Penal L. § 220.06(4), it is possible that his conviction was for simple possession of less than thirty grams of marijuana. This argument fails because marijuana is not a preparation, compound, mixture, or substance, containing "concentrated cannabis."[3] A conviction for simple possession of marijuana would instead have fallen under New York Penal Law § 221.10.[4] Indeed, New York Penal Law Article 221 is titled "offenses involving marijuana," whereas § 220.06 is under Article 220, which is titled "controlled substances offenses." To the extent that McGrath wishes to call a witness to testify that he actually possessed only marijuana, "removal proceedings are not a venue for the relitigation of criminal prosecutions." *Martinez Espinoza*, 25 I. & N. Dec. at 125.

## II. McGrath's Remaining Arguments

McGrath's remaining arguments likewise fail. Two of these arguments address purported errors that the BIA committed in denying him a § 212(h) waiver. These arguments are not worthy of consideration because we agree with the BIA that McGrath

---

[3] Under New York law, concentrated cannabis is: "(a) the separated resin, whether crude or purified, obtained from a plant of the genus Cannabis;" or "(b) a material, preparation, mixture, compound or other substance which contains more than two and one-half percent by weight of delta-9 tetrahydrocannabinol, or its isomer, delta-8 dibenzopyran numbering system, or delta-1 tetrahydrocannabinol or its isomer, delta 1 (6) monoterpene numbering system." N.Y. Pub. Health L. § 3302(4).

[4] *See* N.Y. Penal L. § 221.10(2) (criminalizing simple possession of "one or more preparations, compounds, mixtures or substances containing marihuana and the preparations, compounds, mixtures or substances [that] are of an aggregate weight of more than twenty-five grams").

is statutorily ineligible for a § 212(h) waiver.[5] *See Wilson v. Ashcroft*, 350 F.3d 377, 381 (3d Cir. 2003) ("[O]nce we determine that the state criminal statute fits the legal definition [under the INA] . . . , our review of an alien's deportability comes to an end.").

McGrath also argues that the BIA abused its discretion by failing to grant him a continuance. McGrath sought a continuance in order to gather evidence that would purportedly show that his conviction was for simple possession of marijuana. However, in light of the plain statutory text of New York Penal Law § 220.06, which does not prohibit simple possession of marijuana, his attempts would have been futile. Accordingly, the BIA did not abuse its discretion.

McGrath's final argument is that the BIA should have permitted him to argue for other forms of relief—namely, asylum, withholding of removal, Convention Against Torture protection, or cancellation of removal under INA § 240A(b)(1). McGrath's only attempt to show eligibility for any of these four forms of relief is to claim that he may be eligible for § 240A(b)(1) cancellation of removal by virtue of the "exceptional and extremely unusual hardship to [his] . . . parent . . . , who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). However, to be eligible for cancellation of removal, he must have "not been convicted of an offense under section 212(a)(2)" of the INA, *id.* § 1229b(b)(1)(C), and, as already discussed, McGrath's conviction under § 220.06 qualifies as an offense under

---

[5] First, McGrath asserts that the BIA engaged in improper fact finding when it stated that he was "sentenced to time served and 5 years' probation." Second, he argues that the BIA improperly relied on the police report from his arrest, which stated that he was arrested for cocaine possession.

§ 212(a)(2). The burden of proof to show that he was eligible for any of these forms of relief was his to shoulder, and he has failed to do so. *See Li Hua Yuan v. Att'y Gen.*, 642 F.3d 420, 425-26 (3d Cir. 2011); *see also Hernandez-Cruz v. Att'y Gen.*, 764 F.3d 281, 284 n.1 (3d Cir. 2014).

### III. Conclusion

For the foregoing reasons, we will affirm.